**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANA CARILLO,<br><br>                               Plaintiff,<br><br>v.<br><br>FCA US LLC, et al.,<br><br>                               Defendants. | Case No.:  20-cv-0138 W (LL)<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFF'S MOTION TO REMAND [DOC. 8]; AND**<br>**(2) DENYING DEFENDANTS' MOTION TO STRIKE THE FIRST AMENDED COMPLAINT [DOC. 10.]** |

Defendant FCA US LLC ("FCA") removed this action from the San Diego Superior Court on January 21, 2020.  (*See Notice of Removal* [Doc. 1-1].)  Following the addition of a diversity destroying defendant in its first amended complaint ("FAC"), Plaintiff now moves to remand.  (*Mot. to Remand* [Doc. 8].)  Defendants move to strike the FAC.  (*Mot. to Strike* [Doc. 10].)

The Court decides the matters on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1).  For the reasons stated below, the Court **GRANTS** Plaintiff's motion to remand [Doc. 8] and **DENIES** Defendants' motion to strike the FAC [Doc. 10].

## I. BACKGROUND

On December 13, 2019, Plaintiff Diane Carrillo filed this lemon law suit in the San Diego County Superior Court against FCA, the manufacturer of the vehicle at issue. Plaintiff alleges FCA violated the Song-Beverly Consumer Warranty Act by selling a defective 2015 Chrysler to Plaintiff, failing to repair the vehicle in a reasonable number of attempts, refusing to repurchase the vehicle, breaching the express warranty, and breaching the implied warranty of merchantability.  (*FAC* [Doc. 6] ¶¶ 8, 11, 13, 14, 18.)

On January 21, 2020, FCA removed the case to this Court on diversity grounds. (*Notice of Removal* [Doc. 1-1].)  FCA also filed an Answer to the Complaint that same day.  (*Answer* [Doc. 2].)

On January 29, 2020, Plaintiff filed the operative FAC, alleging a breach of warranty claim against Perry Motors of National City ("PMNC"), the dealership from which Plaintiff purchased the Chrysler.  (*FAC* [Doc. 6].)

Plaintiff now moves to remand this action to the San Diego Superior Court because PMNC is a non-diverse defendant.  (*Mot. to Remand* [Doc. 8].)  FCA moves to strike the FAC, arguing it adds a new defendant for the purpose of defeating diversity jurisdiction without first obtaining leave of Court.  (*Mot. to Strike* [Doc. 10].)  PMNC joins FCA's motion to strike the FAC.  (*Strike Mot. Joinder* [Doc. 17].)

## II. LEGAL STANDARDS

### A. Federal-Court Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree."  Id. (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

### B.     Rule 12(f) Motion to Strike

Rule 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike is to avoid the unnecessary expenditures that arise through litigating spurious issues by dispensing with them before trial. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)). However, as a general matter, motions to strike are generally disfavored, and "usually denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." Travelers Cas. & Sur. Co. of Am. v. Dunmore, No. CIV. S-07-2493, 2010 WL 5200940, at *3 (E.D. Cal. Dec. 15, 2010).

## III.    DISCUSSION

Defendants argue the FAC was improperly filed "as a matter of course" and should be stricken. The Court respectfully disagrees.

Rule 15(a) of the Federal Rules of Civil Procedure provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

3

1 | Fed. R. Civ. P. 15(a). In other words, if a Rule 12 motion has yet to be filed, a plaintiff may amend the complaint as a matter of course up to 21 days after service of an answer. See id. at 15(a)(1)(B).

Here, Plaintiff served the initial complaint on December 20, 2019. (*Notice of Removal* [Doc. 1] ¶ 2.) On January 21, 2020, FCA removed the case to this Court and simultaneously filed its Answer. [Docs. 1, 2.] Then, on January 29, 2020, 9 days after FCA filed its Answer, Plaintiff filed the operative FAC. (*FAC* [Doc. 6].) Thus, Plaintiff properly filed the FAC as a matter of course within 21 days after service of a responsive pleading. See Fed. R. Civ. P. 15(a)(1)(B).

Defendants also argue this Court should scrutinize the FAC pursuant to 28 U.S.C. section 1447(e). (*Mot. to Strike* 7:4–9.) There is a split in authority within the Ninth Circuit when addressing the specific situation of a plaintiff attempting to use a Rule 15(a) amendment "as a matter of course" to add a non-diverse defendant. McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 606–07 (S.D. Cal. 2014) (collecting cases). The majority of district courts in the Ninth Circuit scrutinize the amendment under 28 U.S.C. section 1447(e). Id. at 607. Because section 1447(e) was enacted specifically to handle amendments following removal, the Court adopts the majority approach.

28 U.S.C. § 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e). Congress added subsection (e) to allow remand if a plaintiff pursues joinder of a diversity-destroying defendant after removal. H.R. Rep. No. 100–889, at 72. Permitting joinder under 1447(e) lies in the discretion of the court. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998). The court should consider the following factors when weighing whether to permit joinder: (1) whether the new defendant is required for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would bar an action against the new defendant in state court; (3) whether there has been an unexplained delay, or the joinder request is untimely;

(4) whether the plaintiff intends joinder solely to defeat diversity jurisdiction; (5) whether the claims against the prospective defendant appear valid; and (6) whether the plaintiff will be prejudiced by denial of joinder. IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000)). Any of the factors might prove decisive, and none is a required condition for joinder. Vasquez v. Wells Fargo Bank, Nat'l Ass'n, 77 F. Supp. 3d 911, 921 (N.D. Cal. 2015). The case should be remanded if the court permits joinder of a non-diverse defendant. See 28 U.S.C. § 1447(c).

First, Rule 19(a) requires joinder of persons whose absence would preclude complete relief, impede their ability to protect their interests, or subject a party to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a). "This standard is met when failure to join will lead to separate and redundant actions." IBC, 125 F. Supp. 2d at 1012 (citing CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 912 (9th Cir. 1991)). However, the standard is not met where the defendant is only tangentially related to the cause of action. Id.

PMNC bears more than a tangential relationship to Plaintiff's cause of action for breach of the implied warranty of merchantability. See Cal. Civ. Code § 1792 ("Unless disclaimed in the manner prescribed by this chapter, every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable."). Plaintiff asserts that PMNC was the dealership from which Plaintiff purchased the defective Chrysler. Thus, Plaintiff's claim for relief against PMNC arises out of the same transactions as the claims against FCA. Disallowing the amendment would require Plaintiff to file a redundant action to assert its rights against the very dealer that sold the vehicle alleged to have breached the implied warranty.

Second, even though neither party addressed whether the statute of limitations preclude Plaintiff from asserting claims against PMNC, requiring Plaintiff to litigate

essentially identical issues turning on the same facts in two forums would waste judicial resources and risk inconsistent results. See, e.g., IBC, 125 F. Supp. 2d at 1012.

Third, courts consider the delay between removal from state court and a motion to amend when determining whether to allow joinder of a non-diverse party. See, e.g., Lopez v. Gen. Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983) (denying amendment to add defendant that was filed more than six months after removal and only days before consideration of a motion for summary judgment); IBC,125 F. Supp. 2d at 1012. Plaintiff filed the first amended complaint on January 29, 2020, a mere 9 days after the case was removed, before any dispositive motions were filed, and within the time limits afforded by Rule 15. The motion is timely, which counsels in favor of joinder.

Fourth, the motive behind seeking joinder of a non-diverse defendant is relevant as to whether to grant leave to amend. Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1376 (9th Cir. 1980). Defendants argue Plaintiff added PMNC solely to destroy the federal court's diversity jurisdiction. (*Mot. to Strike* 10:3–7.) However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." IBC, 125 F.Supp.2d at 1012 (citation omitted). Because of this, courts often consider whether the plaintiff is trying to delay proceedings unreasonably. See Righetti v. Shell Oil Co., 711 F. Supp. 531, 534 (N.D. Cal. 1989). The Court declines to impute a motive to unreasonably delay proceedings here, as the case is still in the early stages and Plaintiff has quickly moved to remand. Considering PMNC's role in selling Plaintiff the defective vehicle, Plaintiff's desire to add PMNC as a defendant is reasonable.

Fifth, "courts consider whether the claim sought to be added seems meritorious," which is not the same as the standard in either a motion to dismiss or a motion for summary judgment. IBC, 125 F. Supp. 2d at 1012. As discussed above, Plaintiff has plead a facially valid claim against a dealership for breach of the implied warranty of merchantability.

Finally, denying the amendment would force Plaintiff to choose whether to pursue redundant litigation in another forum or forego its potential claim against PMNC.  At the same time, little prejudice to Defendants would result from permitting joinder, as the case is still in the early stages of litigation.

Accordingly, the Court finds that PMNC was properly joined; that the Court no longer has original diversity jurisdiction over this matter; and that Plaintiff's motion to remand based on the lack of complete diversity must be **GRANTED**.

## IV. CONCLUSION & ORDER

In light of the foregoing, Plaintiff's motion to remand is **GRANTED** [Doc. 8] and Defendants' motion to strike the first amended complaint is **DENIED** [Doc. 10].

**IT IS SO ORDERED.**

Dated:  May 21, 2020

_____
Hon. Thomas J. Whelan
United States District Judge